**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

NORTH JERSEY MEDIA GROUP INC.,

        Plaintiff,

v.

JEANINE PIRRO and FOX NEWS NETWORK, LLC,

        Defendants.

No.: 13-CV-07153 (ER)(FM)

**REDACTED**

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>DEFENDANTS' MOTION TO AMEND THEIR ANSWERS</u>**

HOGAN LOVELLS US LLP
Dori Ann Hanswirth
  dori.hanswirth@hoganlovells.com
Nathaniel S. Boyer
  nathaniel.boyer@hoganlovells.com
Benjamin A. Fleming
  benjamin.fleming@hoganlovells.com
875 Third Avenue
New York, New York 10022
tel: (212) 918-3000
fax: (212) 918-3100
*Attorneys for Defendants*

**(FILED UNDER SEAL)**

# TABLE OF CONTENTS

                                                                                                    Page

PRELIMINARY STATEMENT ............................................................................................1

FACTUAL BACKGROUND ................................................................................................2

    A.    Fox News, a Member of the Associated Press, Has a License to Use AP Images Content. ...............................................................................2

    B.    During Discovery, Fox News Learned that Plaintiff Contributed the Work at Issue in this Copyright Infringement Case to AP Images for Distribution. ......................................................................3

    C.    The Associated Press Confirmed that Fox News Has a License to Use the Work. ..............................................................................................5

ARGUMENT .........................................................................................................................7

DEFENDANTS SHOULD BE PERMITTED TO AMEND THEIR ANSWERS TO ADD THE AFFIRMATIVE DEFENSE OF LICENSE ...........................................................................7

    A.    Because the *Existence* of the License Is Not in Dispute—and Plaintiff Bears the Burden of Proving that Defendants' Use Was Outside the *Scope* of the License—Defendants Have No Obligation to Plead the Affirmative Defense of License. .........................7

    B.    There Is No Reason to Deny Defendants' Request for Leave to Amend Their Answers. ........................................................................8

        (1)    Plaintiff, who will have an opportunity to obtain whatever minimal additional discovery it requires, will suffer no prejudice as a result of Defendants amending their Answers ..........................................................................................9

        (2)    There is no delay—let alone an "undue" or "bad faith" delay—in Defendants' request to amend their Answers ...........10

        (3)    Defendants' proposed amendments are not "futile" because there is no dispute that Defendants have a license, which is established by undisputed documentary evidence. ....................11

CONCLUSION ....................................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*,
 626 F.3d 699 (2d Cir. 2010)............................................................................................8

*Bourne v. Walt Disney Co.*,
 68 F.3d 621 (2d Cir. 1995)..............................................................................................7

*Bridgeport Music, Inc. v. Universal Music Grp., Inc.*,
 248 F.R.D. 408 (S.D.N.Y. 2008) ....................................................................................9

*Cummins, Inc. v. N.Y. Life Ins.*,
 No. 10-cv-9252, 2012 WL 3870308 (S.D.N.Y. Sept. 6, 2012) ....................................11

*Graham v. James*,
 144 F.3d 229 (2d Cir. 1998).............................................................................1, 7, 8, 12

*Hahn v. Univ. of D.C.*,
 789 A.2d 1252 (D.C. 2002) ..........................................................................................12

*Innomed Labs, LLC v. Alza Corp.*,
 No. 01-cv-8095(HB), 2002 WL 1628943 (S.D.N.Y. July 23, 2002).......................... 11

*Middle Atl. Utils. Co. v. S.M.W. Dev. Corp.*,
 392 F.2d 380 (2d Cir. 1968).........................................................................................10

*Parker v. Columbia Pictures Indus.*,
 204 F.3d 326 (2d Cir. 2000)...........................................................................................9

*Pitt v. D.C. Dep't of Corr.*,
 954 A.2d 978 (D.C. 2008) ............................................................................................12

*Richardson Greenshields Sec., Inc. v. Lau*,
 825 F.2d 647 (2d Cir. 1987)................................................................................8, 9, 10

*Rutolo v. City of N.Y.*,
 514 F.3d 184 (2d Cir. 2008).........................................................................................10

*Sotheby's Int'l Realty, Inc. v. Black*,
 No. 06-cv-1725(GEL), 2007 WL 4438145 (S.D.N.Y. Dec. 17, 2007).................10, 12

*State Teachers Ret. Bd. v. Fluor Corp.*,
 654 F.2d 843 (2d Cir. 1981).........................................................................................10

*U.S. v. Cont'l Ill. Nat'l Bank & Trust Co. of Chi.*,
 889 F.2d 1248 (2d Cir. 1989).........................................................................................9

*Urban Box Office Network, Inc. v. Interfase Managers, L.P.*,
    232 F.R.D. 169 (S.D.N.Y. 2004) ...................................................................................11

*Zoll v. Jordache Enters. Inc.*,
    No. 01-cv-1339(CSH), 2002 WL 485733 (S.D.N.Y. Mar. 29, 2002) ......................11

**FEDERAL RULES**

Fed. R. Civ. P. 15............................................................................................................1, 8

Fed. R. Civ. P. 16......................................................................................................1, 9, 11

Defendants Jeanine Pirro and Fox News Network, LLC submit this memorandum of law in support of their motion (the "Motion"), pursuant to Fed. R. Civ. P. 15 and 16, to amend their Answers [Dkt. Nos. 13, 15] to Plaintiff North Jersey Media Group Inc.'s Amended Complaint and Jury Demand (the "Amended Complaint") by adding the affirmative defense of license, and to modify the Civil Case Discovery Plan and Scheduling Order [Dkt. No. 11] to allow the Answers to be amended.

### PRELIMINARY STATEMENT

Defendants seek leave to pursue a conclusive defense—license—of which they learned during discovery. Fox News, a member of the Associated Press (the "AP"), ▇▇▇▇▇▇  After investigating further and producing relevant documents to Plaintiff, Defendants sought a pre-motion conference with this Court to assert the affirmative defense of license. Defendants took this step even though they are under no obligation to assert the affirmative defense of license, as there is no dispute as to the *existence* of a license (Defendants' burden), and the only dispute concerns whether Defendants' use of the copyrighted work was within the *scope* of its license (Plaintiff's burden). *See Graham v. James*, 144 F.3d 229, 236 (2d Cir. 1998) (because the "contested issue was the *scope* of a license, rather than the *existence* of one," copyright plaintiff bore burden of proving use was outside scope, and copyright defendant had no obligation to plead the affirmative defense of license).

In any event, leave to amend pleadings should be "freely give[n] . . . when justice so requires," Fed. R. Civ. P. 15, and Defendants easily pass that low threshold. Prejudice to the

nonmovant, the most important consideration, is entirely absent here. The need to take additional discovery (which the Court has already indicated it would allow Plaintiff to take) is *not* prejudicial, as a matter of law. Defendants brought this proposed Motion to Plaintiff's counsel's attention little more than one month after Plaintiff, at long last, produced its relevant licensing agreement with the AP. And the defense is not futile; Defendants need only establish that they had a license to use the Work at the relevant time, which they indisputably did. Further, because Defendants did not learn of the basis for this Motion until Plaintiff produced the relevant documents—which happened *after* the deadline for filing amended pleadings had passed—"good cause" exists to amend the scheduling order to permit Defendants to amend their Answers to add this one affirmative defense.

For these reasons, the Court should grant Defendants' Motion.

## FACTUAL BACKGROUND

**A.  Fox News, a Member of the Associated Press, Has a License to Use AP Images Content.**

The AP is a not-for-profit cooperative that licenses content to its member media entities, such as Fox News. (Declaration of Dianne Brandi, dated July 14, 2014 ("Brandi Decl") ¶ 2.) Since 1996—the year the Fox News Channel launched—Fox News has subscribed to the AP's editorial photograph bank, currently known as AP Images. (*Id.* ¶¶ 1, 3, 4.) This is part of a longstanding and deep relationship between Fox News and the AP, pursuant to which Fox News subscribes to a variety of AP services. (*Id.* ¶ 2.)

AP Images contains thousands of photographs for use by subscribers and members like Fox News. (*Id.* ¶ 3.) Some images require payment of a supplemental fee. (*Id.*) Fox News, pursuant to its most recent written agreement with the AP, █████████████████████

2

▨▨▨▨▨ (*Id.* ¶ 4.) ▨▨▨▨▨

▨▨▨▨▨ Fox News and the AP have continued their course of dealing, with Fox News continuing to use AP content on a daily basis, and continuing to pay for the right to do so. (*Id.* ¶ 5.)

### B. During Discovery, Fox News Learned that Plaintiff Contributed the Work at Issue in this Copyright Infringement Case to AP Images for Distribution.

On October 9, 2013, Plaintiff sued Pirro, who appears weekly on the Fox News commentary and news program *Justice with Judge Jeanine*, alleging a single claim of copyright infringement. (Declaration of Dori Ann Hanswirth, dated July 15, 2014 ("Hanswirth Decl.") ¶ 3, Ex. A.) The alleged infringement arose out of a September 11, 2013 posting to the Judge Jeanine Pirro Facebook page of a photograph of three firefighters raising an American Flag at Ground Zero, in which Plaintiff claims to own the copyright (the "Work"). (*Id.*) Fox News was added as a defendant in Plaintiff's Amended Complaint, filed February 20, 2014. (*Id.*) At that time, Fox News did not think its arrangement with the AP was relevant to the issues in this case. Neither in-house nor outside counsel for Defendants had received any evidence or confirmation that the Work, owned by Plaintiff, had been contributed to AP Images for distribution to fellow AP member organizations. (Brandi Decl. ¶ 7; Hanswirth Decl. ¶ 6.) Nor did it appear that Plaintiff had tried to "remedy" the perceived infringement by informing the AP that one of its members had used the Work without paying for an applicable license. (Brandi Decl. ¶ 7.)

Defendants answered the Amended Complaint on March 28, 2014. (Hanswirth Decl., Exs. C, D.) Plaintiff did not make its first document production until April 4, 2014—only seven days before the April 11, 2014 deadline, set in the Court's February 18, 2014 Civil Case Discovery Plan and Scheduling Order [Dkt. No. 11], for "fil[ing]" amended pleadings. (*Id.* ¶ 6, Ex. B.) Thus, Defendants had no evidence of Plaintiff's licensing arrangement with the AP until

3

after they answered the Amended Complaint. Because Plaintiff's approximately 40,000-page production was unorganized, missing numerous items, and riddled with privileged materials, Defendants' counsel spent the better part of April sifting through the materials and sending letters to Plaintiff's counsel alerting Plaintiff to problems with its production. (*Id.* ¶ 6.) On April 18, 2014—in response to one of those deficiency letters—Plaintiff produced the (previously un-produced) first half of the transcript of the deposition of Jennifer Borg, Plaintiff's general counsel, in a prior copyright infringement case that Plaintiff brought against CafePress. (*Id.* ¶ 7, Ex. E.) Specifically, Ms. Borg testified that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (*Id.*, Ex. E, 136:13–138:8.) When Defendants' counsel reviewed this testimony, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (*Id.* ¶ 7.) However, Defendants could not find an agreement between Plaintiff and the AP covering the September 2013 time frame in Plaintiff's production. (*Id.*)

Thus, twelve days after receiving the transcript of Ms. Borg's prior deposition testimony from the CafePress case (May 1, 2014), Defendants' counsel asked for a copy of the current agreement between Plaintiff and AP. (*Id.* ¶ 8, Ex. F.) The next day, Plaintiff produced a document it claimed to be a copy of the current agreement, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (*Id.* ¶ 9, Ex. G.) In fact, the fully-executed, final version of the current agreement was not produced until July 9, 2014—*after* Plaintiff (through Ms. Borg) testified that a fully-executed version may exist (the "NJMG-AP Agreement"). (*Id.* ¶ 19, Ex. N.)

The NJMG-AP Agreement ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (*Id.*, Ex. N.) ▇▇▇▇▇▇

4

███████████████████████████████████████████████████████

███████████████████████████████████████████ (*Id.*)

Throughout May 2014, Defendants conducted further legal research and factual investigation concerning Plaintiff's licensing of the Work through AP. (*Id.* ¶ 10.) As it was conducting this analysis, on May 13, 2014, Fox News received an e-mail from the AP confirming that the Work was available for use by Fox News through AP Images (*Id.*; Brandi Decl. ¶ 8.) Fox News also produced to Plaintiff the AP-Fox News Agreement, described above—although Plaintiff's counsel had always "assumed that [Fox News] was a member of the AP" and, thus, Fox News had an active agreement with AP for licensing content from AP Images. (Hanswirth Decl., Ex. I, 17:2-5.) Then, during a May 30, 2014 conference before the Court, Plaintiff's counsel (i) acknowledged that Plaintiff "licensed [the Work] for editorial purposes . . . through AP," and (ii) admitted that Defendants could have obtained a license for use of the Work and that, "[i]f they ha[d] done that, we wouldn't have to be here today." (Hanswirth Decl., Ex. H, 21:4-6, 24:15-16.)

### C. The Associated Press Confirmed that Fox News Has a License to Use the Work.

On June 4, 2014, (Brandi Decl. ¶ 9, Ex. B.) ███████████████████

███████████████████████████████████████████████ (*Id.*) Two days later

5

(June 6, 2014), ███████████████████████████████

███████████████████████████ (*Id.* ¶ 10, Exs. C, D.) ███████████████████

███████████████████ (*Id.* ¶ 12, Ex. E.)  Fox News produced the documents to Plaintiff the next day, along with a request for Plaintiff to consent to this Motion (which was declined). (Hanswirth Decl. ¶ 13.)

On June 12, 2014, Defendants requested a pre-motion conference in connection with this Motion.  That conference occurred on June 20, 2014, whereupon Defendants were granted leave to make this Motion.  (*Id.* ¶ 14.)

On June 17, 2014, █████████████████████████████

█████████████████████████████████████████████████████ (*Id.*, Ex. K.)  On June 26, 2014, █████████████████████████

██████████████████████████████

██████████████████████████████

██████████████████████████████

████████████████████████████ (*Id.*, Ex. L.)  The lawyer for the AP also pointed out that █████████████████████

██████████████████████████

████████████ (*Id.*) █████████████████████

██████████████████████████████

████████████ (*Id.*) █████████████████████

████████████████████████ (*Id.*)  The AP also wrote that,

██████████████████████████████

██████████████████████████████

6

████████████████████████████████████████ (*Id.*) Thus, the AP "concluded that a use of the [Work] by [Fox News] on a Facebook page promoting [a Fox News] program would not violate the editorial use only restriction of the Agreement." (*Id.*)

On July 8, 2014, Plaintiff terminated the NJMG-AP Agreement, effective July 23, 2014. (*Id.*, Ex. M.) In terminating the arrangement—and underscoring that this dispute is borne from a disagreement over the interpretation of terms of a license agreement—Plaintiff acknowledged that it had a "fundamental misunderstanding" with the AP concerning the interpretation of the NJMG-AP Agreement. (*Id.*) Plaintiff also asked the AP not to provide Plaintiff's share of the $250 royalty that Fox News paid for the use. (*Id.*)

## ARGUMENT

### DEFENDANTS SHOULD BE PERMITTED TO AMEND THEIR ANSWERS TO ADD THE AFFIRMATIVE DEFENSE OF LICENSE

**A.  Because the *Existence* of the License Is Not in Dispute—and Plaintiff Bears the Burden of Proving that Defendants' Use Was Outside the *Scope* of the License—Defendants Have No Obligation to Plead the Affirmative Defense of License.**

As a threshold matter, this Motion is being made out of an abundance of caution, as there is no reasonable dispute that Fox News, in fact, has a license to use the Work. When the "contested issue is the *scope* of a license, rather than the *existence* of one, the copyright owner bears the burden of proving that the defendant's copying was unauthorized under the license." *Graham*, 144 F.3d at 236 (emphasis in original); *Bourne v. Walt Disney Co.*, 68 F.3d 621, 631 (2d Cir. 1995) ("[I]n cases where only the scope of the license is at issue, the copyright owner bears the burden of proving that the defendant's copying was unauthorized."). Because proving that the defendant's use was outside the scope of the license is the copyright owner's burden, "the license need not be pleaded as an affirmative defense" by the copyright defendant at all. *Graham*, 144 F.3d at 236 (vacating copyright infringement award where district court did not

7

consider possible license by copyright defendant, and copyright defendant did not plead the affirmative defense of license).

Here, there is no dispute that Fox News has a license to use the Work. Plaintiff ███████████████████████████████████████ (Hanswirth Decl., Ex. N.) Fox News, an AP member, ███████████████████████████████████████████████ ███████████████ (Brandi Decl. ¶ 4.) Fox News produced its agreements with the AP to Plaintiff, and in any event, Plaintiff had (correctly) "assumed" all along "that Fox was a member of the AP" and, thus, Plaintiff (correctly) "assumed" that Fox News had an active agreement with AP for licensing content from AP Images. (Hanswirth Decl., Ex. I, 17:2-5.) Plaintiff simply questions whether Defendants' use of the Work falls within the *scope* of the terms of that agreement. As *Graham* instructs, Plaintiff bears the burden of proving that Defendants' use fell outside the scope of its license, and Defendants have no obligation to plead the affirmative defense of license.

### B. There Is No Reason to Deny Defendants' Request for Leave to Amend Their Answers.

Leave to amend pleadings should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15. "A motion to amend should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 (2d Cir. 1987) (internal quotation marks and citation omitted); *see AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725-26 (2d Cir. 2010) (citation omitted) ("The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith."). None of the reasons for denying leave to amend a pleading exist here. Further, because Defendants have acted diligently in moving for this amendment, "good cause"

8

exists for amending the scheduling order pursuant to Fed. R. Civ. P. 16. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339-40 (2d Cir. 2000) (holding that the "good cause" standard in Rule 16, which turns on the movant's diligence, may also be applied to a motion for leave to amend a pleading after the scheduling order's deadline for amended pleadings has passed).

> (1) *Plaintiff, who will have an opportunity to obtain whatever minimal additional discovery it requires, will suffer no prejudice as a result of Defendants amending their Answers.*

Any "prejudice" resulting from the amendment is the "most important" consideration when deciding a motion to amend a pleading. *Richardson Greenshields Sec., Inc.*, 825 F.2d at 653. Here, Plaintiff has not even attempted to articulate any prejudice it would suffer as a result of Defendants amending their Answers by adding one affirmative defense. And for good reason: there is no prejudice. Even if Plaintiff were to complain about the limited additional discovery that it may want to conduct concerning the affirmative defense of license—which it has not done—(i) the Court has already acknowledged that Plaintiff will have the opportunity to conduct that discovery, regardless of the discovery cut-off date (which expires today) (Hanswirth Decl., Ex. I, 29:19–30:8), and (ii) the burden of taking additional discovery does not, standing alone, constitute "prejudice." *See U.S. v. Cont'l Ill. Nat'l Bank & Trust Co. of Chi.*, 889 F.2d 1248, 1255 (2d Cir. 1989) ("[T]he adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading."); *see also Bridgeport Music, Inc. v. Universal Music Grp., Inc.*, 248 F.R.D. 408, 414 (S.D.N.Y. 2008) (in copyright action, no undue prejudice where granting motion to amend complaint to include new party would require re-opening discovery). Because Plaintiff cannot point to any prejudice, Defendants should be permitted to amend their pleadings.

> (2) There is no delay—let alone an "undue" or "bad faith" delay—in Defendants' request to amend their Answers.

A court can deny a motion for leave to amend upon a showing of "undue delay." *Richardson Greenshields Sec., Inc.*, 825 F.2d at 653. However, "[m]ere delay . . . absent . . . a showing of bad faith or undue prejudice, does not provide a basis for [a] district court to deny the right to amend." *Rutolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotations omitted). To that end, courts tolerate substantial delay—in some instances, years of delay—while still permitting a party to amend its pleading. *See State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 845-46 (2d Cir. 1981) (permitting amendment after three-year delay following filing original pleading); *Middle Atl. Utils. Co. v. S.M.W. Dev. Corp.*, 392 F.2d 380, 384 (2d Cir. 1968) (permitting amendment where movant knew of facts two years before filing of original complaint). Further, "[i]t is reasonable for counsel to investigate a potential claim fully before seeking to advance it in a pleading." *Sotheby's Int'l Realty, Inc. v. Black*, No. 06-cv-1725(GEL), 2007 WL 4438145, at *5-6 (S.D.N.Y. Dec. 17, 2007) (granting leave to amend answer to add affirmative defense where ground for defense was not confirmed until a deposition was taken).

Here, there was no delay. Defendants did not ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ until they received a (non-final) copy of the NJMG-AP Agreement on May 2, 2014. (Brandi Decl. ¶ 7; Hanswirth Decl. ¶¶ 7-9, Ex. G.) That was only 28 days after receiving Plaintiff's initial 40,000-page document production (and 14 days after receiving a supplemental production of a transcript of prior deposition testimony in a related case). (Hanswirth Decl. ¶¶ 6, 7, 9.) Within days after Plaintiff's counsel acknowledged, in open court, that Fox News could have used the Work through its arrangement with the AP (*id.*, Ex. H, 21:4-6, 24:15-16), Fox News ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Brandi Decl. ¶¶ 9-12, Exs. B-E). In short, Defendants have

10

been working diligently to investigate and disclose the potential basis for asserting the defense of license. There was no delay at all, let alone "undue" delay, that would warrant denial of Defendants' Motion.

For these same reasons, there is "good cause" for amending the scheduling order [Dkt. No. 11] to allow Defendants to amend their Answers. *See* Fed. R. Civ. P. 16. The deadline passed on April 11, 2014—only seven days after Defendants received Plaintiff's voluminous first production, and weeks before Defendants received a copy of the NJMG-AP Agreement. (Hanswirth Decl., ¶¶ 6, 9, Ex. B.) Defendants did not learn, and could not have learned, about the NJMG-AP Agreement until after the deadline for amending pleadings had already passed. *See Cummins, Inc. v. N.Y. Life Ins.*, No. 10-cv-9252, 2012 WL 3870308, at *4 (S.D.N.Y. Sept. 6, 2012) (finding "good cause" to permit amendment to complaint where movant "submitted a declaration indicating that [it] only learned of [the evidence supporting the claim] after the filing of [the] lawsuit," the "delay . . . was minor," and the movant "promptly brought the new facts and legal theories to the court's attention"); *Urban Box Office Network, Inc. v. Interfase Managers, L.P.*, 232 F.R.D. 169, 172 (S.D.N.Y. 2004) (finding "good cause" to permit amendment because, although the movant could have brought its motion "somewhat earlier in the litigation," "the delay was not inordinate in the context of this litigation").

> (3) *Defendants' proposed amendments are not "futile" because there is no dispute that Defendants have a license, which is established by undisputed documentary evidence.*

Although the Court need not permit amendments that are "futile," "[f]utility . . . is a minimal standard to overcome—perhaps the lowest bar." *Innomed Labs, LLC v. Alza Corp.*, No. 01-cv-8095(HB), 2002 WL 1628943, at *2 (S.D.N.Y. July 23, 2002) (granting plaintiff leave to amend complaint to add additional claim). In particular, "[a]n amendment is not futile if the claim it seeks to assert is colorable and not frivolous," *Zoll v. Jordache Enters. Inc.*, No. 01-cv-

11

1339(CSH), 2002 WL 485733, at *4 (S.D.N.Y. Mar. 29, 2002) (granting defendant's motion to amend answer to add affirmative defense), or where "at the very least, genuine issues of material fact exist" as to the applicability of the defense, *Sotheby's Int'l Realty, Inc.*, 2007 WL 4438145, at *5 (same).

As noted above, Defendants' burden, in pursuing the defense of license, is simply to establish that a license exists; *Plaintiff* bears the burden of proving that the use was outside the scope of that license. *Graham*, 144 F.3d at 236. For example, in *Graham*, the existence of the license was "essentially uncontested," and "what [was] disputed . . . [was] the scope of the license and how long the license lasted." *Id.* As such, the copyright defendant's obligation was simply to show that a license *existed*; the burden shifted to the copyright plaintiff to establish that the copyright defendant's use exceeded the scope of the license. The parties here are in the same posture: There is no dispute that Defendants have a license to use the Work, thus, they have extinguished their burden to assert the affirmative defense of license.

Instead, Plaintiff's anticipated arguments concern whether Defendants' use fell within the *scope* of its license. For example, Plaintiff may argue that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; that Fox News' use of the Work ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ or that Fox News ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Such arguments ignore the realities of the relationship between the AP and Fox News. Whatever the technical expiration date on the AP-Fox News Agreement, the parties to the agreement—who have a deep and long-standing relationship—have continued their course of dealing under the AP-Fox News Agreement through to this day. (Brandi Decl. ¶¶ 2, 5.)[1] Further, the AP has already told

---

[1] The AP-Fox News Agreement—▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Brandi Decl. ¶ 4)—continues to be in effect so long as the parties continue to perform under the terms of the agreement (and they have done so). *See Hahn v. Univ. of D.C.*, 789 A.2d 1252,

Plaintiff ███████████████████████████████████████████

██████ (Hanswirth Decl., Ex. L.)  In any event, ███████████████████████████



███████████████████████████████████████████ (Brandi

Decl. ¶ 11.)

      Whatever the merit of those arguments, they do not concern the *existence* of the license, which is not in dispute.  For that reason, Defendants should be permitted to amend their Answers to assert the affirmative defense of license.

---

1258 (D.C. 2002) ("Under general principles of contract law, . . . when a contract lapses but the parties to the contract continue to act as if they are performing under a contract, the material terms of the prior contract will survive intact . . . ."); *Pitt v. D.C. Dep't of Corr.*, 954 A.2d 978, 983 (D.C. 2008) (same).

## CONCLUSION

For the foregoing reasons, Defendants respectfully submit that the Court should grant Defendants' Motion.

Dated: New York, New York  
July 15, 2014

HOGAN LOVELLS US LLP

By: /s/ Dori Ann Hanswirth

Dori Ann Hanswirth
 dori.hanswirth@hoganlovells.com
Nathaniel S. Boyer
 nathaniel.boyer@hoganlovells.com
Benjamin A. Fleming
 benjamin.fleming@hoganlovells.com
875 Third Avenue
New York, New York 10022
tel: (212) 918-3000
fax: (212) 918-3100
*Attorneys for Defendants*