UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -x

NORTH JERSEY MEDIA GROUP INC.,          :

                        Plaintiff,  :

            -against-                :       13 Civ. 7153 (ER)

JEANINE PIRRO and FOX NEWS          :       ECF Case
NETWORK, LLC,
                                    :       **REDACTED**
                        Defendants.
                                    :
- - - - - - - - - - - - - - - - - -x


PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANTS' MOTION FOR LEAVE TO AMEND
THEIR ANSWER TO ADD AN AFFIRMATIVE DEFENSE OF
LICENSE AND TO EXTEND THE DISCOVERY CUTOFF DATE

DUNNEGAN & SCILEPPI LLC
Attorneys for Plaintiff
  North Jersey Media Group Inc.
350 Fifth Avenue
New York, New York 10118
(212) 332-8300

Table of Contents

Table of Authorities.................................................iii

Preliminary Statement.................................................1

Argument.............................................................3

   I.   FOX NEWS' PROPOSED LICENSE DEFENSE FAILS AS
       A MATTER OF LAW..........................................3

     A.  Associated Press Had No Authority To License
         Fox News To Use The Accused Image..................4

     B.  Associated Press Never Licensed Fox News To
         Use The Photograph................................5

       1.  The News Agreement Did Not Provide Fox
          News With A License For The Photograph.......6

          a.  ████████████ Had No Authority To Sub-
            License.........................................6

          b.  The News Agreement Did Not Apply To
            The Distribution Of Images On Facebook.......7

          c.  Licenses Terminated With The News
            Agreement.......................................7

       2.  The Online Agreement Did Not Provide
          Fox News With A License For The Photograph..8

          a.  ████████████ Had No Authority To Sub-
            License.........................................8

          b.  The Online Agreement Does Not Apply To
            The Distribution Of Images On Facebook.......8

       3.  No Facts Suggest A Course Of Dealings
          Created A License.............................9

       4.  The Purported Retro-License Fails...........14

a.    The June 6, 2014, Document Is A
     Retroactive Copyright License, Which
     Is Not Enforceable...........................14

b.    The Purported Retro-License Provides No
     Defense.......................................16

II.  THE COURT SHOULD DENY LEAVE TO AMEND ON THE GROUND
THAT FOX NEWS UNREASONABLY DELAYED AND THAT NJMG
WOULD SUFFER PREJUDICE FROM THE DELAY IN THE
RESOLUTION OF THIS ACTION............................... 18

A.   Fox News Unreasonably Delayed Asserting Its
    License Defense.................................18

B.   NJMG Will Suffer Prejudice If Further Delay
    Results.........................................20

Conclusion...........................................................24

<u>Table of Authorities</u>

**Cases**

<u>Bayer v. City of New York</u>,
115 A.D.3d 897, 983 N.Y.S.2d 61 (N.Y. App. Div. 2014).......22-23

<u>Bell Atl. Corp. v. Twombly</u>,
550 U.S. 544 (2007)....................................................10

<u>Bourne v. Walt Disney Co.</u>,
68 F.3d 621 (2d Cir. 1995)............................................3

<u>Classicberry Ltd. v. Musicmaker.com, Inc.</u>,
48 F. App'x 360 (2d Cir. 2002).......................................21

<u>Credit Suisse First Boston, LLC v. Intershop Commc'ns AG</u>,
407 F. Supp.2d 541 (S.D.N.Y. 2006)...................................3

<u>Davis v. Blige</u>,
505 F.3d 90 (2d Cir. 2007)........................................14,15

<u>Foman v. Davis</u>,
371 U.S. 178 (1962)..................................................18

<u>Graham v. James</u>,
144 F.3d 229 (2d Cir. 1998)..........................................3

<u>NJMG v. CafePress Inc.</u>, 13 Civ. 3932 (ALC).......................19

<u>Parker v. Columbia Pictures Indus.</u>,
204 F.3d 326 (2d Cir. 2000).........................................18

<u>Pentalpha Enterprises, Ltd. v. Cooper & Dunham LLP</u>,
91 A.D.3d 451, 936 N.Y.S.2d 173 (2012)............ ...............23

<u>Quanta Specialty Lines Ins. Co. v. Investors Capital Corp.</u>,
403 F. App'x 530 (2d Cir. 2010)......................................3

<u>Ruotolo v. City of New York</u>,
514 F.3d 184 (2d Cir. 2008).........................................20

<u>State Teachers Ret. Bd. v. Fluor Corp.</u>,
654 F.2d 843 (2d Cir. 1981).........................................18

<u>Twitchell v. Town of Pittsford</u>,
106 A.D.2d 903, 483 N.Y.S.2d 524 (1984)
<u>aff'd,</u> 66 N.Y.2d 824, 489 N.E.2d 250 (1985)........................8

**Statutes**

Fed. R. Civ. P. 3.…...................................................3

Fed. R. Civ. P. 15....................................................1

Fed. R. Civ. P. 16....................................................…1,18

Plaintiff North Jersey Media Group Inc. ("NJMG") respectfully submits this memorandum in opposition to the motion of defendants Jeanine Pirro and Fox News Network, LLC (collectively, "Fox News") pursuant to Fed. R. Civ. P. 15(a) for leave to file an amended answer that asserts the affirmative defense of license and pursuant to Fed. R. Civ. P. 16 to amend the February 18, 2014, scheduling order to extend the discovery cutoff date.

## Preliminary Statement

The basis for Fox News' proposed license defense remains largely a mystery. Fox News has not presented a proposed pleading, and has not identified a single agreement from NJMG, or any of its sub-licensors, that granted Fox News a prospective license to use a work of NJMG (either in altered or unaltered form), on a social media page, during September 2013. Fox News nevertheless states, no less than 8 times in its 14 page brief, that there is no dispute that there is a license. (Dkt. 49 at 5, 6, 11, 12, 15, 16, 17) This case, however, is too advanced to allow these unsupported generalizations to make their way into the pleadings.

Fox News' proposed affirmative defense of license should fail as a matter of law. Although its motion papers are vague, Fox News seems to argue that it had a license -- to use NJMG's copyrighted photograph of three firefighters raising the

American flag on the ruins of the World Trade Center ("Photograph") -- based upon four asserted license agreements. The two earliest license agreements upon which Fox News relies, however, do not:

> (i)   involve a grant of a license from an entity that had a right to sub-license the Photograph;
>
> (ii)  apply to any photograph used in social media; or
>
> (iii) apply to the time period of the infringement.

The third asserted license agreement -- an unspecified "course of dealings" between Fox News and Associated Press after the ███████████████████████████████████████████ -- has no factual support, and cannot plausibly be broader than the two agreements that expired. The fourth asserted license agreement was retroactive, and therefore unenforceable. In any event, none of these four asserted licenses could authorize the altered image that Fox News actually used ("Accused Image").

As a matter of discretion, Fox News has unreasonably delayed presenting its license defense. Fox News knew that NJMG licensed the Photograph as early as July 29, 2013, when Fox News admits that it licensed the Photograph from Associated Press. (Dkt. 49 at 10) Allowing the amendment would create the need for discovery and motion practice that would substantially delay the trial of this action.

<u>Argument</u>

I.

FOX NEWS' PROPOSED LICENSE DEFENSE
FAILS AS A MATTER OF LAW

If Fox News' proposed license defense would fail as a matter of law, then it is futile for the Court to allow Fox News to amend its answer to assert it. <u>Quanta Specialty Lines Ins. Co. v. Investors Capital Corp.</u>, 403 F. App'x 530, 532 (2d Cir. 2010). <u>See also</u> <u>Credit Suisse First Boston, LLC v. Intershop Commc'ns AG</u>, 407 F. Supp.2d 541, 546 (S.D.N.Y. 2006)("If a proposed amendment seeks to add a defense which is obviously insufficient for the purpose for which it is offered, so that the amendment will be a useless act, the court will not grant such an amendment.")(internal quotation omitted). Consequently, all of Fox News' arguments concerning the scope of its hypothetical licenses and shifting burdens of proof are irrelevant.[1]

---

[1] Fox News' argument that it does not even need to plead the affirmative defense of license is unsound. Fed. R. Civ. P. 8(c) states that license is an affirmative defense that "must" be stated in a responsive pleading. <u>See</u> <u>Bourne v. Walt Disney Co.</u>, 68 F.3d 621, 631 (2d Cir. 1995). <u>Graham v. James</u>, 144 F.3d 229, 236 (2d Cir. 1998), stands for the unremarkable proposition that if the defendant counterclaimant identifies the license in his answer and counterclaim, the plaintiff need not affirmatively plead it in his reply. Here, the complaint did not allege that Fox News had a license, and NJMG disputes whether a license existed.

A.		Associated Press Had No Authority To
		License Fox News To Use The Accused Image.

The only basis upon which Fox News argues that NJMG authorized Associated Press to sublicense the Photograph is the letter agreement between NJMG and Associated Press dated as of March 13, 2012 ("NJMG Agreement"). (Dunnegan Dec. Ex. D)  Fox News does not argue that it had the right to use the Photograph simply because it was an Associated Press Member.  Nor could it. The NJMG Agreement provided that "This image will not be available to the AP Member newspapers as part of the AP cooperative.  AP Member newspapers will have to purchase the image at premium rates from AP.  Any Associated Press cooperative member who may have previously licensed the Photo will have to re-purchase the license at a premium rate." (Dunnegan Dec. Ex. D., Sch. A)  The testimony of Jennifer Borg quoted at page 4 of the Fox News memorandum is out of context, as Ms. Borg was not addressing the time period during which the Photograph would be available to AP Members after its original publication on September 12, 2001, which was severely restricted. (Dunnegan Dec. Ex. I at 3)

Even if Fox News obtained a valid license from Associated Press to use the Photograph, the NJMG agreement specifically prohibited the Associated Press from licensing an altered version of the Photograph.  "The Photographs shall not,

under any circumstances, otherwise be rotated, altered, changed, or tampered with, either manually or electronically, without your prior written permission." (Dunnegan Dec. Ex. D) Accordingly, Associated Press lacked actual authority to authorize Fox News to use an altered version of the Photograph, such as the Accused Image. Fox News does not argue that NJMG cloaked Associated Press with any apparent authority to license the Accused Image.

B.     Associated Press Never Licensed
       Fox News To Use The Photograph.

Fox News seems to argue that it has a license to use the Photograph as a result of the following four asserted agreements:

(i)    The News Report Agreement, dated as of ███████████ (Dunnegan Dec. Ex. A), ████████████████ █████████████████████████████ ("Letter Agreement") (Dunnegan Dec. Ex. B) (collectively, the "News Agreement");

(ii)   The On-line Licensing Agreement dated as of ██████ ██████ (Dunnegan Dec. Ex. C), ███████████████ ██████████ (collectively, the "Online Agreement");

(iii)  The purported course of dealings between the time of ████████████████████████████████████████ ███████████████████████, and the present; and

5

(iv)  The purported license agreement dated as of June 6, 2014 ("Purported Retro-License").

    1.  The News Agreement Did Not Provide Fox
        News With A License For The Photograph.

The News Agreement does not license Fox News to use the Photograph for at least three reasons.

    a.  ████████████ Had No Authority To Sub-License.

The News Agreement is between ████████████ ████████████ and Fox News. (Dunnegan Dec. Exs. B and C)

But, NJMG never licensed ████████████ to sub-license the Photograph. Under the NJMG Agreement, NJMG licensed Associated Press to sub-license the Photograph to the public. (Dunnegan Dec. Ex. D) There is no evidence that NJMG has ever ████████████████████████████████████████████ ████████████████████████████████████. The NJMG Agreement further provided that the license granted to Associated Press was "non-assignable." (Dunnegan Dec. Ex. D at 2) ████████████ therefore lacked actual authority to grant Fox News a sub-license for the Photograph. Fox News does not suggest that NJMG created any apparent authority on the part of ████████████ to grant a sub-license.

Accordingly, the News Agreement did not license Fox News to use the Photograph.

6

b.  The News Agreement Did Not Apply To
    The Distribution Of Images On Facebook.

Pursuant to ████████████████, the News Agreement

applied to content:

████████████████████████████████████████████████

(Dunnegan Dec. Ex. A at 5) ████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████ (Emphasis added.) (Dunnegan Dec.

Ex. A at 9)

The News Agreement therefore did not apply to the

distribution of content through social media.

c.  Licenses Terminated With The News Agreement.

Fox News concedes that ████████████████████████████

████████████ (Dkt. 49 at 7) The News Agreement specifically

provides ███████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████ (Dunnegan Dec. Ex. A at 17)

New York law applies to this agreement, in accordance

with ████████████████████████████████████████████████.

(Dunnegan Dec. Ex. B at 9) The argument of Fox News that

Washington D.C. law applies (Dkt. 49 at 12, n. 1) is incorrect.

Under New York law, when an agreement is over, the rights under it terminate. Twitchell v. Town of Pittsford, 106 A.D.2d 903, 483 N.Y.S.2d 524, 525 (1984), aff'd, 66 N.Y.2d 824, 489 N.E.2d 250 (1985)("When a contract is terminated, such as by expiration of its own terms, the rights and obligations thereunder cease."). The parties did not even negotiate a temporary extension of the agreement.

> 2. The Online Agreement Did Not Provide
>    Fox News With A License For The Photograph.

> a. ███████████████ Had No Authority To Sub-License.

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████ (Dunnegan Dec. Ex. A, B, and C) Accordingly, because NJMG did not grant ██████████████ the right to grant sub-licenses for the Photograph, the Online Agreement did not create a sub-license for Fox News to use the Photograph.

> b. The Online Agreement Does Not Apply To
>    The Distribution Of Images On Facebook.

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

(Dunnegan Dec. C. at 2) ██████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████ (Dunnegan Dec. C at 5)

The Online Agreement therefore did not authorize Fox News to distribute the Photograph through social media.

### 3. No Facts Suggest A Course Of Dealings Created A License.

Fox News must demonstrate that -- without a written agreement -- it had an existing sub-license to use all of the copyrights that Associated Press had the right to sub-license -- even without requesting, or paying for, a license. Fox News, however, has alleged no facts that suggest a course of dealings between Associated Press and Fox News granted such a blanket license.

The only facts that Fox News presented to the Court regarding the course of dealings are that (i) Fox News continued to do business with Associated Press ████████████████████ ████████████████ (Brandi Dec. ¶ 5), and (ii) ████████████ ██████████████████████████████████████████████ (Brandi Dec. ¶ 5) These facts, however, do not come close to demonstrating a course of dealings under which Associated Press granted Fox News a blanket license to use the Photograph before Fox News specifically requested and obtained one.

Merely stating facts that may be consistent with a course of dealings to grant a blanket license would not meet Fox News' obligation to plead a "plausible" claim, because a license-by-license course of dealings is more likely in these

circumstances. <u>See</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 557 (2007)("A statement of parallel conduct, even conduct consciously undertaken, needs some setting suggesting the agreement necessary to make out a § 1 claim.").

Putting aside the failure of Fox News to provide facts supporting a course of dealings establishing a blanket license, the following facts affirmatively demonstrate that neither Associated Press nor Fox News understood that a course of dealings between them created a blanket license for all of the copyrights Associated Press could sub-license.

<u>First</u>, ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ███████████████████████████ (Dunnegan Dec. Ex. A at 17) ████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████, it would make no sense that Associated Press and Fox News implicitly agreed, without any written record, that ████ ████████████████████████████.

<u>Second</u>, even as the General Counsel of Fox News and a senior manager of Associated Press addressed the issue of whether a sub-license existed, neither believed that a blanket

10

license existed as a result of a course of dealings between their companies.  On May 13, 2014, Dave Gwizdowski, a Senior Vice President of Associated Press, emailed Dianne Brandi, Esq. stating:

> "Dianne,
>
> Following up on our conversation, the Bergen County Record's photo of the 9-11 flag raising IS part of the AP photo service.
>
> This is part of a program in which AP distributes photos from contributing Newspapers. We then share revenue from those photos with the copyright holder.
>
> <u>If the Fox News producer had downloaded this photo</u>, he/she would have also needed to make choices for length of license and platform use. The price range would have been from $105 up to $250 dollars depending on the license.
>
> Best Regards,
> Dave Gwizdowski" (Dkt. 48-1 at 2)(Emphasis added)

Mr. Gwizdowski's May 13, 2014, e-mail informs Ms. Brandi that a license for the Photograph would have been available, but does not suggest that Fox News already has a license as a result of the course of dealings.

On June 4, 2014, Ms. Brandi responded, stating:



[REDACTED] (Dkt. 48-2 at 2) (Emphasis added)

While Ms. Brandi states that [REDACTED]

[REDACTED] the chief legal officer of Fox News, with "myriad" responsibilities including the negotiation of contracts with Associated Press (Brandi Dec. ¶ 1), does not suggest that Fox News has a similar arrangement for the Photograph.

Then, instead of sending Fox News a [REDACTED] in response to Ms. Brandi's request, [REDACTED] (Dkt. 48-3) Fox News never requested any explanation as to why Associated Press [REDACTED]. If Fox News actually believed that it had a blanket license as a result of a course of dealings, one would expect Ms. Brandi to have questioned [REDACTED].

This exchange of e-mails suggests that the standard procedure was for Fox News to select the content that it wanted to license, to request a license, and then to pay for that license. The fact that Fox News (i) had the ability to obtain a license for any Associated Press copyright does not plausibly

suggest that (ii) Fox News had a license before it requested and received one from Associated Press.

Third, Associated Press through its outside counsel -- after this issue of license was extensively considered -- did not believe that Fox News had a blanket license for all of its content. The outside counsel for Associated Press stated in a June 26, 2014, letter to counsel for NJMG that "[o]n or about June 6, 2014, AP received a request from [Fox News] to issue a sublicense for the Photo." (Dkt. 47-12 at 2) Additionally, Associated Press' counsel also stated:

> "AP members which previously licensed the Photo will have to obtain a new license from AP to use the Photo again.... In addition, AP from time to time issues licenses and sublicenses to its customers that cover a use by the customer of an image that has already occurred. This is often when AP learns that a regular customer used an image and by mistake failed to obtain a license...Because [Fox News] had already licensed the Photo from AP in 2013 and paid for that use, as mentioned above, AP viewed [Fox News]'s request for a new sublicense not as infringement, but as an acknowledgment that [Fox News] had used the Photo again and now recognized that it needed an additional sublicense." (Emphasis added)(Dkt. 47-12 at 3)

From the available evidence, it is apparent that Associated Press did not understand that it was merely granting an invoice in accordance with an existing blanket license, but that it was helping to remedy Fox News' mistake by giving it a new sub-license.

In any event, Fox News cannot plausibly argue that its course of dealings with Associated Press, ████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████ (Dunnegan Dec. Ex. A at 5), ████████████████████████████ ████████████████ (Dunnegan Dec. Ex. C at 2), ████████ ████████████████████████████████████████████ ████████████████████████████

4.    The Purported Retro-License Fails.

a.    The June 6, 2014, Document Is A Retroactive Copyright License, Which Is Not Enforceable.

Although Fox News does not cite it, Davis v. Blige, 505 F.3d 90 (2d Cir. 2007), provides controlling authority for the proposition that retroactive copyright licenses are unenforceable because they contravene public policy.  There, one coauthor of two songs sued the son of the coauthor for copyright infringement.  After the filing of the lawsuit, the non-party coauthor purported to transfer his interests in the copyrights to his son, effective retroactively from the date of the creation of the songs, for the purpose of creating a defense to the infringement claim.  The Second Circuit held that this

attempt to create a defense to an existing infringement claim
was contrary to public policy, stating:

> "[W]e hold that a license or assignment in copyright
> can only act prospectively."

Davis, 505 F.3d at 104.

The Court of Appeals offered two lines of reasoning.
First, it reasoned that "[i]f retroactive transfers and licenses
were permissible, one could never reliably and definitively
determine if and when an infringement occurred, because an
infringement could be 'undone' by the very sort of maneuver
attempted by defendants in this case." Id. at 105. Second, it
reasoned that retroactive licenses "lower[] the cost of
infringement to infringers, thus making infringement more
attractive" because the cost of a license after litigation has
commenced will be cheaper than the value of the claim. Id. at
106.

Although Davis involved a license resulting from the
transfer of a copyright, rather than a grant from a sub-
licensor, this is a distinction without a difference. The
reasoning that the Court of Appeals applied in holding invalid
the retroactive license from the co-owner applies equally to a
situation involving a retroactive license from a sub-licensee.
In both Davis and this case, allowing the retroactive copyright
license would (i) make the determination of whether an

infringement has taken place impossible, and (ii) incentivize infringement by making the cost of a license after the commencement of litigation cheaper than the value of the claim.

b.   The Purported Retro-License Provides No Defense.

The Purported Retro-License does not, as a matter of law, apply to the use of an altered work.   The purported retroactive license provides that it "is comprised of the License Information and Licensed Content referred to herein together with the Standard Terms and Conditions ("Terms and Conditions") available at http://www.apimages.com/Licenseterms." (Dkt. 48-3 at 3)   Paragraph 3.1 of the Standard Terms and Conditions provides:

> "Without AP's prior written authorization, You may not otherwise alter (including rotate, distort, or create derivative works of) the Content. Content to be used in derivative works must be licensed specifically for that purpose. A 'derivative work' includes the use of all or part of the image in another work, such as a collage." (Emphasis added.) (Dunnegan Dec. Ex. G at 5)

The Accused Image that Fox News used is an alteration of the Photograph. It contains not an identical copy of NJMG's Photograph, but a copy of that Photograph with a faint Iwo Jima image in the background. (Dkt. 12 at Ex. B)

Even if the Purported Retro-License authorized Fox News' use of the document on Facebook, it did not authorize Fox News to use it on Twitter.   While the Purported Retro-License applies only to a one-time use on Facebook (Dkt. 48-3 at 3), the

available evidence suggests that Fox News used the Accused Image on Twitter, contemporaneous with its use on Facebook. ████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████ (Dkt 53-1 at 21:19-21)   An examination of Pirro's Facebook and Twitter pages demonstrates that, since June 1, 2013, every time that an image was posted on Facebook the same image was posted on Twitter.  (Dunnegan Dec. ¶ 11)

NJMG understands that paragraph 16 of the amended complaint is broad enough to cover an infringement on Twitter. If, and only if, the Court grants Fox News' motion for leave to amend, NJMG will probably, in an overabundance of caution, seek to amend the complaint to specifically reference Twitter.  NJMG has taken the discovery it needs related to the issue of Twitter.  Because NJMG has already terminated its license with Associated Press with respect to the Photograph (Dunnegan Dec. Ex. H), it is too late for Fox News to attempt to seek another purported retroactive license from Associated Press for Twitter.

II.

THE COURT SHOULD DENY LEAVE TO AMEND ON THE GROUND THAT
FOX NEWS UNREASONABLY DELAYED AND THAT NJMG WOULD SUFFER
PREJUDICE FROM THE DELAY IN THE RESOLUTION OF THIS ACTION

Although motions to amend should be freely granted when justice so requires, Foman v. Davis, 371 U.S. 178, 182 (1962), justice should not require granting leave to amend when the movant has unreasonably delayed making the motion and allowing the amendment would significantly extend the trial date. "Reasons for a proper denial of leave to amend include undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981). Additionally, because Fox News is moving to amend the pleadings after the deadline set in the scheduling order passed, Rule 16(b) requires that defendants show "good cause." Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000). And, "a finding of 'good cause' depends on the diligence of the moving party." Parker, 204 F.3d at 340.

A.     Fox News Unreasonably Delayed
       Asserting Its License Defense.

As an excuse for its delay in asserting its license defense, Fox News argues that it did not know, and had no reason to know, that NJMG had ever authorized AP to sub-license the

18

Photograph, until May 2014. Facts already before the Court demonstrate that this argument is unsound.

Fox News admitted that it licensed the Photograph from Associated Press on July 29, 2013, for use on Fox News programming. (Dkt. 49 at 10) If Fox News licensed the Photograph from Associated Press on July 29, 2013, Fox News cannot plausibly argue that it lacked actual knowledge that Associated Press had the authority to sub-license the Photograph until almost a year later.

In any event, Fox News should have known, since the early days of this case, that Associated Press had the ability to sub-license the Photograph. At a pre-motion conference on January 10, 2014, counsel for NJMG stated that "the Photograph has been extensively licensed." (Dkt. 7 at 10) If Fox News had simply looked at the web page of Associated Press, it would have seen that Associated Press licensed the Photograph to the public. (Dunnegan Dec. Ex. F) Fox News offers no explanation for its failure to do so.

Similarly, Fox News offered no explanation for its failure to assert a license defense after NJMG disclosed on April 8, 2014, during its trial with CafePress, Inc., that it licensed the Photograph through Associated Press. Fox News' counsel had an associate attend each day of the eight day trial in NJMG v. CafePress Inc., 13 Civ. 3932 (ALC). (Dunnegan Dec. ¶

12) Jennifer Borg testified at that trial that NJMG licensed Associated Press to sub-license the Photograph. (Dkt. 55-1 at 161:21-161:24) As soon as Fox News knew as a result of Ms. Borg's testimony on April 8, 2014, that NJMG licensed the Photograph though Associated Press, Fox News had enough information (under its present theory) to assert the license defense. Fox News nevertheless did not request permission to amend its answer until requesting a pre-motion conference two months later, on June 12, 2014. (Dkt. 26) Fox News did not need a fully executed copy of the license agreement between NJMG and AP to go online and buy a license, or simply move to amend based upon a defense of license.

Fox News had all the evidence it needed (under its present theory) to raise an affirmative defense of license from the date it received the complaint, October 11, 2013. (Dkt. 1) Fox News simply did not exercise reasonable diligence.

B.      NJMG Will Suffer Prejudice If Further Delay Results.

If the Court allows the amendment, the delay in the trial of this action will be substantial.  This type of delay, as opposed to the need to take more discovery, constitutes substantial prejudice. See Ruotolo v. City of New York, 514 F.3d 184, 192 (2d Cir. 2008)("In gauging prejudice, we consider, among other factors, whether an amendment would 'require the opponent to expend significant additional resources to conduct

discovery and prepare for trial' or 'significantly delay the resolution of the dispute.'")(quoting <u>Block v. First Blood Associates</u>, 988 F.2d 344, 350 (2d Cir. 1993). <u>See</u> <u>also</u>, <u>Classicberry Ltd. v. Musicmaker.com, Inc.,</u> 48 F. App'x 360, 362 (2d Cir. 2002)(finding prejudice where plaintiffs would have to bear increased litigation costs and resolution of the dispute would be delayed).

If the Court allows the amendment to raise the affirmative defense of license, NJMG will need another round of document discovery with not only Fox News, but also Associated Press and ███████████████████████████████████. These document requests would necessarily be broad, as NJMG would need to determine the background and negotiations that provide the basis for each purported agreement. For example, simply with respect to the alleged course of dealings from ████████████ ████████████████, NJMG would need to take discovery concerning the licensing practices and negotiations between Fox News and AP ██████████████████, to determine whether there was a course of dealings that created a blanket license to use, ██████████████, all of the copyrights that Associated Press had the ability to sub-license. Document discovery concerning ██████████████ ████████████ would be in addition to that.

This additional document discovery would be difficult and time consuming. Fox News has objected vigorously to the

document discovery that NJMG has sought to date. For example, we are currently awaiting a ruling from the Court on Fox News' appeal from an order of Magistrate Judge Maas directing Fox News to produce documents. (Dkt. 40)

NJMG would also need to take at least four more depositions: (a) Diane Brandi of Fox News, (b) Dave Gwizdowski of Associated Press, (c) a Rule 30(b)(6) deposition of AP, and (d) a Rule 30(b)(6) deposition of ███████████████. The relationship between Fox News and AP would require these to be intensive, because the creditability of the deponents may be at issue. Fox News makes no secret of the fact that it has a "longstanding and deep" (Dkt. 49 at 6) relationship with Associated Press and that it ██████████████████████████ ██████████████████. (Brandi Dec. ¶ 5) Based upon the letter that counsel for Associated Press sent to counsel for NJMG on June 26, 2014 (Dkt. 47-12), we expect Associated Press to work hard to provide factual support to Fox News.

And there is the potential prejudice that results from NJMG's possible need to add Associated Press as a party. If the Purported Retro-License that Associated Press granted could provide Fox News with a defense, then NJMG may need to assert its claims against Associated Press in this action, or face a res judicata defense from Associated Press if NJMG brought a separate action against Associated Press. Bayer v. City of New

York, 115 A.D.3d 897, 983 N.Y.S.2d 61, 64 (2d Dep't 2014)("[N]otwithstanding the fact that the causes of action and legal theories alleged here are different from those alleged in the 2004 action, and some of the defendants are different, the Supreme Court properly granted the defendants' motion to dismiss the complaint on the ground that the instant action was barred by the doctrine of res judicata."); See also Pentalpha Enterprises, Ltd. v. Cooper & Dunham LLP, 91 A.D.3d 451, 452, 936 N.Y.S.2d 173, 174 (1st Dep't 2012)(Judgment on patent infringement claim was sufficient to bar fraud claim against counsel even though they were not a party to the prior action).

Absent the amendment, the case is close to trial. The remaining discovery involves (i) NJMG's application to depose Pirro, (ii) NJMG's application for a Rule 30(b)(6) deposition of Fox News, and (iii) the Court's ruling on the appeal of Fox News from the June 17, 2014 (Dkt. 28) order of Magistrate Judge Maas directing Fox News to produce documents. Beyond the discovery, granting Fox News leave to amend would allow Fox News to make another summary judgment motion on the issue of license.

Allowing leave to amend to add the affirmative defense of license would therefore turn this relatively small case, which should be ready for trial in a relatively short time, and which should involve a relatively short trial, into an extensive drain on the Court's resources.

If the Court does not allow the amendment to the answer to assert the affirmative defense of license, there should be no need to modify the scheduling order for that reason.

## Conclusion

NJMG respectfully requests that the Court deny the motion of Fox News for leave to serve an amended answer asserting an affirmative defense of license.

Dated: New York, New York
      July 29, 2014

DUNNEGAN & SCILEPPI LLC

By *William Dunnegan*
   William Dunnegan (WD0415)
   wd@dunnegan.com
   Richard Weiss (RW4039)
   rw@dunnegan.com
Attorneys for Plaintiff
   North Jersey Media Group Inc.
350 Fifth Avenue
New York, New York 10118
(212) 332-8300
