UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

| | | |
|---|---|---|
| NORTH JERSEY MEDIA GROUP INC., | : | |
| Plaintiff, | : | |
| -against- | | 13 Civ. 7153 (ER) |
| | : | |
| FOX NEWS NETWORK, LLC, | | ECF Case |
| | : | |
| Defendant. | | |
| | : | |

---------------------------------------------------------------x

| | | |
|---|---|---|
| NORTH JERSEY MEDIA GROUP INC., | : | |
| Plaintiff, | : | |
| -against- | : | 14 Civ. 7630 (ER) |
| FOX NEWS NETWORK, LLC AND JOHN DOE NOS. 1 – 5, | : | ECF Case |
| | : | |
| Defendants. | | |
| | : | |

---------------------------------------------------------------x

MEMORANDUM OF PLAINTIFF IN SUPPORT OF ITS MOTION
*IN LIMINE* TO EXCLUDE EVIDENCE OFFERED TO PROVE
FAIR USE BASED UPON AN ANALOGY

Plaintiff North Jersey Media Group Inc. ("NJMG") respectfully submits this memorandum in support of its motion *in limine* to exclude evidence that Fox News Network, LLC ("Fox News") may offer to prove that its use of the Pirro Image and/or the Baier Image was fair use based upon an analogy to the conduct of NJMG or Thomas E. Franklin ("Franklin") concerning other works.

Background

Fox News has listed as trial exhibits:

- Ex. 339 - Hogan Lovells CD: Remembering 9/11 Video

- Ex. 340 - Hogan Lovells CD: Witness to History - The photographers of 9/11 Video

- Ex. 371 - Screenshot from Franklin website showing the Photo (large)

- Ex. 372 - Screenshot from Franklin website showing several 9/11 photographs

- Ex. 373 - Screenshot from Franklin website showing "Witness to History" and "Remembering 9/11 videos"

- Ex. 385 - Still frame of "Remembering 9/11"

- Ex. 386 - Still frame of "Witness to History - The photographers of 9/11"

The apparent purpose of Fox News in listing these exhibits is to attempt to prove that if NJMG and/or Franklin's use of these images was fair use, then Fox News' use of the Pirro Image and/or the Baier Image was fair use.

Argument

I.

FOX NEWS CANNOT LOGICALLY ARGUE
FAIR USE BASED UPON AN ANALOGY

A determination of whether a specific unlicensed use of a copyrighted work is a fair use depends upon whether allowing that use would further the purpose of the Copyright law more than prohibiting that use. See Cariou v. Prince, 714 F.3d 694, 705 (2d Cir.), cert. denied, 134 S. Ct. 618, 187 L. Ed. 2d 411 (2013)("The 'ultimate test of fair use ... is whether the copyright law's goal of promoting the Progress of Science and useful Arts... would be better served by allowing the use than by preventing it.'")(quoting Castle Rock Entertainment, Inc. v. Carol Pub. Group, Inc., 150 F.3d 132 at 141 (2d Cir. 1998)); Authors Guild v. Google, Inc., 804 F.3d 202, 213 (2d Cir. 2015)("Each factor thus stands as part of a multifaceted assessment of the crucial question: how to define the boundary limit of the original author's exclusive rights in order to best serve the overall objectives of the copyright law to expand public learning while protecting the incentives of authors to create for the public good."); Fox News Network, LLC v. TVEyes,

Inc., 43 F. Supp.3d 379, 389 (S.D.N.Y. 2014)("The ultimate test of fair use is whether the copyright law's goal of promoting the Progress of Science and useful Arts would be better served by allowing the use than by preventing it."). The determination of whether a particular use is a fair use should proceed on a case-by-case basis. Campbell v. Acuff-Rose Music, Inc., 510 U.S. 569, 577 (1994)("The task is not to be simplified with bright-line rules, for the statute, like the doctrine it recognizes, calls for case-by-case analysis.").

NJMG expects Fox News to attempt to prove that if certain uses of photographs by NJMG and/or Franklin are fair use, then Fox News' use of the Photograph in the Pirro Image and Baier Image should also be fair use.

Such reasoning would be unsound, except in rare circumstances not present here. Because a conclusion concerning fair use requires a case-by-case analysis of the four factors, an argument by analogy would be logically sound if, and only if, (i) each of the four fair use factors for Fox News' use of the Pirro Image and the Baier Image points more strongly to fair use than in the examples that Fox News proposes to offer into evidence, and (ii) we knew that that the use by NJMG and/or Franklin was fair use as opposed to (i) an infringement, or (ii) the use of a work in the public domain.  As explained in Point II below, the examples that Fox News proposes to offer do not meet this standard, and should therefore be excluded from evidence on the ground that they are not relevant.

In addition to being irrelevant, the introduction of such evidence would confuse the Jury and waste the Court's time. NJMG has identified two of Fox News' infringements.  The parties expect the trial to take 3-4 days. (Baier Dkt. 134 at 6/23)   If Fox News' analogies are allowed to reach the Jury, then the Court will need to preside over "trials-within-a-trial," judging at least (i) whether the works in the analogy are protected by copyright; (ii) whether NJMG or its employee

3

have infringed the rights of an unrelated third-party; and (iii) whether, if NJMG or its employee did infringe the rights of an unrelated third-party, their conduct could be excused by a defense, such as fair use. Then, assuming the analogies were determined (in some way) to be fair use, the fair use analysis performed for each of the analogies would need to be compared with the fair use analysis for Fox News' two infringements. Because the Jury would still have to independently assess Fox News' fair use defense, such an exercise would put the Jury back where it started, and would not save the Jury any time. These "trials-within-a-trial" will cause substantial delay.

NJMG intends to remain faithful to this principle.  In this Court, Fox News has asserted a claim for copyright infringement against TVEyes, Inc. ("TVEyes") for copying Fox News' videos, 13 Civ. 5315 (AKH).  TVEyes has defended on the ground of fair use.  While NJMG will argue that Fox News has asserted facts in its case against TVEyes that support NJMG's position in this case, NJMG will not use the findings against fair use in the TVEyes case to argue that Fox News' use of the Pirro Image and the Baier Image are unfair.  Because the fair use factors are different to at least some degree, any attempt to prove the lack of Fox News' fair use in this case based upon the lack of fair use in the TVEyes case would result in a "trial-within-a-trial" that is not only time consuming, but fails to produce a reliable outcome.

II.

THE COURT SHOULD EXCLUDE THE SPECIFIC
DOCUMENTS THAT FOX NEWS INTENDS TO
USE TO ARGUE FAIR USE BY ANALOGY

A.     The Court Should Exclude The Use of Franklin's Web Page.

Franklin maintains a personal website, which he uses, among other things, to showcase a portfolio of pictures he has taken. Fox News' Exhibit 371 is a screenshot of Franklin's website which features a cropped version of the Photograph. (Dunnegan Dec. Ex. A)  Fox News' Exhibit

372 is a screenshot of Franklin's website which features nine thumbnails of photographs Franklin took on 9/11, including a cropped version of the Photograph (the "Nine Photographs"). (Dunnegan Dec. Ex. B)  Franklin took these photographs in the course of his employment at NJMG. NJMG therefore owns the copyright in the Nine Photographs. Fox News should not be permitted to use Exhibits 371 and 372 to argue that if Franklin's use of NJMG's Nine Photographs was fair use, then so was Fox News' use of the Pirro Image and the Baier Image. For the reasons set forth in Point I above, the fair use factors are different.  In addition, the Court should rule that these exhibits are also inadmissible for the following reasons.

First, Franklin is not a party to this action.  When Franklin posted these photographs to his personal website, he was not acting in the scope of his duties for NJMG. Fox News has no evidence to the contrary. Whether or not Franklin's posting of the Nine Photographs was fair use is therefore irrelevant to the question of whether Fox News' use of the Baier Image and the Pirro Image was fair use.

Second, to the extent Franklin maintains an online portfolio of his work, which consists of photographs he has taken in the course of his duties at NJMG, NJMG has allowed Franklin to do so.  This renders any analysis of fair use irrelevant.

B.   The Court Should Exclude The Use Of The
     <u>"Eyewitness To History" and the "Remembering 9/11" Videos</u>

In 2008, Franklin created, as part of his employment with NJMG, a video entitled "Remembering 9/11."  Fox News intends to produce this video as Exhibit 339. In 2011, Franklin created, as part of his employment with NJMG, a video entitled "Witness to History."  Fox News intends to offer this video as Exhibit 340.  Both of these videos concerned photographs taken in connection with the events of 9/11 and the photographers who took them, including the work of Franklin on behalf of NJMG.  In "Remembering 9/11," Mr. Franklin narrates the video, and

5

comments upon the process of taking photographs at Ground Zero on that day. In "Witness to History," several photographers who reported from Ground Zero on 9/11 are interviewed, including Mr. Franklin. Those photographers comment on their photographs and the photographs of others. Both videos compare the Photograph to the Iwo Jima Photograph that Joe Rosenthal took during the Battle of Iwo Jima in World War II (the "Iwo Jima Photograph"). Both videos partially blend the Photograph and Iwo Jima Photograph together (the "Blended Image"). Exhibit 385 is a still frame from "Remembering 9/11" featuring the Blended Image, and Exhibit 386 is a still frame from "Witness to History" featuring the Blended Image. Exhibit 373 is a screenshot from Franklin's website featuring the two videos.

Fox News cannot soundly argue that NJMG's use of the Blended Image is analogous to Fox News' use of the Pirro Image. One clear distinction is the fact that the two videos concern, and comment upon, the Photograph and the Iwo Jima Photograph. In "Remembering 9/11," Franklin explicitly compares the Photograph to the Iwo Jima Photograph, and notes the "obvious comparison," as shown in the Blended Image. In "Witness to History," Franklin and Ricky Flores, another photographer who reported from Ground Zero on 9/11, discuss the Photograph as a symbol of hope and remembrance, and in terms of how much attention it has received. The fact that the Blended Image is the subject of the commentary enters into the "nature and character of the use" analysis, and favors a finding of fair use. See Authors Guild v. Google, Inc., 804 F.3d 202, 215 (2d Cir. 2015)("Among the best recognized justifications for copying from another's work is to provide comment on it or criticism of it.").

In any event, any argument by analogy fails because the Iwo Jima Photograph is not the subject of an existing copyright. "The 1909 Act, which was repealed by the 1976 Act, governs works published before 1978." Shoptalk, Ltd. v. Concorde-New Horizons Corp., 168 F.3d 586,

6

590 (2d Cir. 1999). See also Martha Graham Sch. & Dance Found., Inc. v. Martha Graham Ctr. of Contemporary Dance, Inc., 380 F.3d 624, 632 (2d Cir. 2004)("Under the 1909 Act, applicable to works created before January 1, 1978..."). Mr. Rosenthal took the Iwo Jima Photograph on February 23, 1945. Although widely published in 1945, Mr. Rosenthal registered it with the United States Copyright Office on September 1, 1946.  A copy of the Copyright Registration is annexed as Exhibit C to the Dunnegan Declaration.  It would have an initial term of 28 years. Shoptalk, 168 F.3d at 590 ("The 1909 Act provided authors an initial 28–year term of protection, calculated from the date of publication, which could be renewed for an additional 28 years. *See* 17 U.S.C. § 24 (repealed effective 1978))." The Iwo Jima Photograph would have entered into the public domain no later than 1974, unless it was renewed in the previous year, 1973. Martha Graham, 380 F.3d at 633 ("If adequate statutory notice was given, then application for renewal made during the last year of the initial term would extend the copyright for a renewal term of 28 additional years."). The renewal entries from the United States Copyright Office's Catalogue of Copyright Entries, available online at http://onlinebooks.library.upenn.edu/cce/, demonstrate that there was no renewal registration for the Iwo Jima Photograph.  Accordingly, the photograph is in the public domain. NJMG's use of the Blended Image, therefore, did not involve any copyrighted work except its own Photograph.  Any argument of fair use by analogy should therefore fail.

C.        The Court Should Exclude The Use Of The
            Zamperini Photograph On Franklin's Facebook Page.

On July 3, 2014, Franklin posted a photograph of Louis Zamperini (the "Zamperini photograph") to his personal Facebook page along with a short comment which marked the death of Mr. Zamperini the day before.  (Dunnegan Dec. Ex. D) Mr. Franklin also recommended Laura Hillenbrand's biography of Mr. Zamperini, "Unbroken," and linked to an online NBC News

story about Mr. Zamperini's life. (Dunnegan Dec. Ex. D) Franklin also used the Zamperini photograph as his profile picture. (Dunnegan Dec. Ex. D)

Any argument of fair use by analogy fails. There is no evidence the Zamperini photograph is protected by an existing copyright. According to Corbis Images, which licenses the Zamperini photograph, it was taken on February 8, 1940. We found no registration for the Zamperini photograph in the Catalogue of Copyright Entries for the years 1940 or 1941. If the photograph was not published with notice or registered, it would have entered into the public domain immediately. If the photograph was timely registered in 1940, it would have entered into the public domain in 1968, unless the copyright was renewed in 1967. See Martha Graham, *supra*, 380 F.3d at 633. We found no renewal registration for the Zamperini photograph in the Catalogue of Copyright Entries for the years 1967 or 1968. If the Zamperini photograph is in the public domain, as it appears to be, it could not have been infringed, and no fair use analysis would be necessary.

Moreover, it is not possible to properly conduct a proper four-factor fair use analysis on Franklin's use of the Zamperini photograph. There is no evidence as to the existing or potential market for the Zamperini photograph. Because we are not able to determine whether it is fair use or not, an argument by analogy is not relevant.

In any event, Franklin is not a party in this case. His personal views of fair use are not relevant. Franklin did not post this photograph in the course of his duties at NJMG, and Fox News has not provided any evidence that he did. Whether Franklin may have infringed the copyright in a photograph or not is irrelevant to whether Fox News infringed NJMG's copyrighted Photograph.

## Conclusion

For the reasons set forth above, NJMG respectfully requests that the Court grant its motion.

Dated:  New York, New York
        January 11, 2016

                                    DUNNEGAN & SCILEPPI LLC

                                    By *[signature: William Dunnegan]*
                                      William Dunnegan (WD0415)
                                      wd@dunnegan.com
                                      Richard Weiss (RW4039)
                                      rw@dunnegan.com
                                    Attorneys for Plaintiff
                                        North Jersey Media Group Inc.
                                    350 Fifth Avenue
                                    New York, New York 10118
                                    (212) 332-8300