Dori Ann Hanswirth
Hogan Lovells US LLP
875 Third Avenue
New York, NY 10022
T  +1 212 918 3631
F  +1 212 918 3100
dori.hanswirth@hoganlovells.com

February 3, 2016

**By CM/ECF**

Hon. Edgardo Ramos
United States District Court, Southern District of New York
40 Foley Square
New York, New York 10007

Re: *North Jersey Media Group Inc. v. Fox News Network, LLC*, Nos. 13-cv-7153-ER, 14-cv-7630-ER

Dear Judge Ramos:

We write on behalf of our client, Defendant Fox News Network, LLC, to request a continuance of the trial and related deadlines in the above-captioned consolidated action, until after entry of the Court's order adjudicating Fox News' pending motion for summary judgment (the "Summary Judgment Motion").

As the Court is no doubt well aware, there are less than two weeks – 13 days – between now and trial.  While we are making every effort to be efficient, this is going to be a very expensive 13 days for our client, perhaps unnecessarily so.  In that time, the parties' respective to-do lists include filing objections to jury instructions/verdict forms/voir dire; appearing for the pre-trial conference; arguing 8 pending motions *in limine*; preparing examinations and cross-examinations of 12 witnesses; drafting opening arguments and beginning to outline closing arguments; and engaging in other time-intensive legal and logistical preparations for a week-long jury trial.  In this low-damages case, it is simply not fair, nor in keeping with the Federal Rules' emphasis on the need for inexpensive determination of legal disputes, to force Fox News to incur the substantial legal fees needed to do this work while the Summary Judgment Motion is still pending, especially when its resolution could render many trial preparations moot.

Furthermore, the resolution of the Summary Judgment Motion – regardless of whether it is granted or denied – will have a substantial impact on our client's trial preparations.  Thus, even if the Summary Judgment Motion could be decided in the next few days, it would be appropriate to continue the trial to a later date so that the parties would have the opportunity to digest the Court's ruling, react to it, and prepare for trial in a more efficient manner and at lower cost.  It is extremely difficult to prepare for trial in an efficient way when there is this degree of uncertainty about the nature of the claims and issues that will be tried.  As it stands today, we do not know, for example, whether witnesses relating to the *Baier* action will need to be called at all.  Obviously, if the Summary Judgment motion is granted, they will not be.  And even if the motion is denied, we would expect that the Court's opinion would limit or clarify the issues remaining for trial.  The likely result is that witness preparations would need to be re-done; examinations would need to be edited; and arguments would need to be re-drafted.  One concrete example is the parties' objections to jury instructions and related documents, due to be filed next week.  In its proposed Jury Instructions, Plaintiff takes many legal positions that are identical to arguments it raised in its opposition to the Summary Judgment Motion, which Fox News contested in its reply.  It is inefficient for Fox News to

argue its objections to the Jury Instructions while the Court's resolution of those legal arguments is still pending. It simply does not make sense for the parties to have to re-do this and other trial prep work after the Summary Judgment Motion is decided.

Fox News requested permission to file the Summary Judgment Motion last fall, and after a pre-motion conference the Court determined that it was worthwhile to hear the motion. In order to keep the case schedule on track, Fox News then briefed and filed the motion on a very tight timeframe – in only three weeks. The effort required to accomplish this task in such short order was expensive, but important to do, given the significant legal issues at stake in this consolidated action. Fox News expended this effort in service of the goal of ensuring that the Court would have sufficient time to consider the motion and make a ruling on it at least a few weeks before trial. After the motion was filed, however, the circumstances affecting the timing of the Court's consideration of the motion changed. Plaintiff requested and was granted the opportunity to conduct additional discovery, and the parties were permitted to file supplemental briefing. As a result, at the December 23, 2015 conference, the Court continued the trial to February in order to give it time to consider the supplemental briefing. At that time, we raised the issue of whether the February trial date would permit the Court to decide the Summary Judgment Motion in advance of trial. In response, the Court expressed its hope that it would have sufficient time without needing to move the trial date back further. (12/13/15 Tr. 13, 17-18.) Since then, however, the schedule has not developed as expected. Accordingly, we submit that it is now appropriate to reconsider the February 16 trial date, and to adjourn it to a date that is sufficiently after the Summary Judgment Motion is decided to permit the parties to analyze the Court's ruling and incorporate it into their trial preparations as needed.

To that end, we respectfully request that the Court issue an order:

1. Extending the deadline for filing objections to jury instructions, special verdict forms, and voir dire from February 9, 2016 until 21 days after entry of the Court's order adjudicating the Summary Judgment Motion;

2. Adjourning the final pretrial conference from February 11, 2016 until 24 days after entry of the Court's order adjudicating the Summary Judgment Motion; and

3. Continuing the trial start date from February 16, 2016 until 30 days after entry of the Court's order adjudicating the Summary Judgment Motion.

Respectfully submitted,

/s/ Dori Ann Hanswirth

Dori Ann Hanswirth

cc: William Dunnegan, Esq. (counsel for Plaintiff)